UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMON SAUL SILVA, JR., <br><br> Plaintiff, <br><br> v. <br><br> ROGELIO ZARAGOZA, <br><br> Defendant. | Case No. C21-5235-RJB-SKV <br><br> ORDER RE: PLAINTIFF'S PENDING MOTIONS |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ramon Silva challenges in this action the conditions of his confinement at Western State Hospital ("WSH") where he was sent in February 2020 to undergo competency restoration ordered by the King County Superior Court. *See* Dkt. 5 at 4-6. The Defendant in this action, Dr. Rogelio Zaragoza, was the head of Plaintiff's treatment team at WSH. *Id*. at 5. This matter comes before the Court at the present time on Plaintiff's motions to extend discovery (Dkt. 13), to depose Defendant (Dkt. 16), to compel discovery (Dkts. 20, 33), and to strike expert witness testimony (Dkt. 30). Also pending at this time are the parties' cross-motions for summary judgment. Dkts. 14, 22. Defendant has filed responses to each of Plaintiff's pending motions, and the briefing on the

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

cross-motions for summary judgment is now complete.  The Court having reviewed the pending motions, all briefing of the parties, and the balance of the record, finds and ORDERS as follows:

(1)     Plaintiff's motion to extend discovery (Dkt. 13) is GRANTED in part.  Plaintiff requests an extension of the discovery deadline, from September 8, 2021 to December 8, 2021, on the grounds that Defendant failed to provide timely responses to Plaintiff's first set of discovery requests, failed to produce a requested set of documents pertaining to grievances, produced documents Plaintiff did not request in the form of a complete set of WSH policies, failed to respond to a request to describe the products currently available in the WSH vending machines, and failed to sign his answers to Plaintiff's discovery requests.  *Id*. at 1-2.  Plaintiff accuses Defendant of engaging in obstructive tactics and strategically attempting to "eat up discovery time."  *Id*. at 2-3.

Defendant opposes Plaintiff's request for a three-month extension of the discovery deadline, arguing that his responses to Plaintiff's first set of discovery requests were timely, appropriate, and complete.  *See* Dkts. 17, 18.  Defendant further argues that, to the extent Plaintiff perceives there to be deficiencies in his discovery responses, a "meet and confer," which has not yet occurred, should allow the parties to resolve these issues.  *See id*.  Defendant goes on to note that Plaintiff has now filed a summary judgment motion on the core legal issue in this case which calls into question the necessity of a lengthy extension of the discovery deadline, particularly where, as here, Plaintiff has not explained what additional facts are likely to be discovered should the discovery period be extended, or how those facts are germane to the legal issue that is to be decided by this Court.  Dkt. 17 at 4.  Finally, Defendant states that while he objects to the lengthy extension requested by Plaintiff, he has no objection to a one-month

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 2

extension of the discovery deadline given the challenges of resolving any outstanding discovery issues with an individual, such as Plaintiff, who is incarcerated. *See id*.

Plaintiff, in his reply brief, further details his complaints regarding Defendant's responses to his discovery requests and he reiterates his claim that Defendant's counsel is obstructing the discovery process to his prejudice. Dkt. 21. Plaintiff, however, has not demonstrated that Defendant's counsel has intentionally obstructed discovery to gain a tactical advantage, and the Court is not persuaded that a lengthy extension of the discovery period is necessary given that Plaintiff apparently believed he had sufficient evidence in hand to move for summary judgment prior to the conclusion of the original discovery period. The Court nonetheless deems it appropriate to allow the parties time to resolve any outstanding discovery disputes before the Court rules on the parties' pending summary judgment motions. The Court will therefore grant a brief extension of the discovery deadline and re-note the parties' summary judgment motions. The new deadlines are set forth below in paragraph (5) below.

(2)    Plaintiff's motion for leave to depose the Defendant (Dkt. 16) is STRICKEN as unnecessary. While Plaintiff seeks the Court's permission to take Defendant's deposition, neither the Federal Rules of Civil Procedure nor the local rules of this Court require Plaintiff to seek leave of court to take the deposition of Defendant given that Plaintiff is a party to this action. However, as Defendant correctly notes in his response to Plaintiff's motion (Dkt. 19), if Plaintiff decides to take Defendant's deposition, Plaintiff must comply with all rules pertaining to the taking of depositions which includes providing written notice to all parties, identifying in the notice the method for recording the testimony, and conducting the deposition before an officer appointed or designated under Fed. R. Civ. P. 28. *See id*. at 1-2 (citing Fed. R. Civ. P.

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3

30(b)). Defendant also correctly notes that the noticing party must bear any recording costs, Fed. R. Civ. P. 30(b)(3)(A), and must make the necessary arrangements for recording and for ensuring the deposition is conducted before an appropriate officer. *See id*.

Plaintiff has apparently not provided any notice at this juncture or otherwise clarified the procedures for conducting the proposed deposition in accordance with Fed. R. Civ. P. 30. The Court observes that Plaintiff has not filed a reply brief in support of his motion and gives no indication whether he intends to pursue Defendant's deposition. While it seems unlikely that Plaintiff would choose to take the deposition at this juncture given that he has already moved for summary judgment, if Plaintiff still desires to take Defendant's deposition, he should make arrangements to do so within the extended discovery period discussed above.

(3) Plaintiff's motions to compel discovery (Dkts. 20, 33) are DENIED.[1] In his first motion to compel, Plaintiff begins by asserting that he has made a good faith effort to meet and confer with Defendant's counsel about Defendant's failure to disclose certain documents requested in discovery. Dkt. 20 at 1. Plaintiff indicates that he asked counsel to come visit him at the prison where he is incarcerated for a "face to face" meeting and that counsel responded by providing him phone numbers he could call to discuss discovery, numbers that did not work because they were not set up to accept collect calls. *Id*. Plaintiff goes on to complain about Defendant's failure to produce the grievances and grievance responses referenced in his motion to extend the discovery deadline. *Id*. at 2-3. He also complains about Defendant's failure to

---

[1] Plaintiff's second motion to compel (Dkt. 30) is not noted on the Court's calendar for consideration until September 17, 2021. While Defendant has filed a response to the motion, Plaintiff has not yet had an opportunity to file a reply brief. However, there is sufficient briefing in the record on the issues surrounding Plaintiff's motions to compel that the Court can render a decision on Plaintiff's second motion to compel even absent a reply from Plaintiff.

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 4

produce a treatment plan from February 2020 that was signed by Defendant, and about Defendant's failure to sign his interrogatory responses. *Id*. at 3-4. Plaintiff seeks payment of $36,000 from the attorney general who necessitated this motion to compensate him for the time and energy spent preparing the motion. *Id*. at 4.

In his second motion to compel, Plaintiff again complains about Defendant's failure to sign his interrogatory responses. Dkt. 33 at 1. Plaintiff also complains that Defendant provided an evasive response to one interrogatory. *Id*. at 2. Plaintiff maintains that Defendant's continued abuse of the discovery rules necessitated this second motion to compel. *Id.* Plaintiff asserts that he attempted in good faith to meet and confer with Defendant's counsel about the outstanding discovery issues by calling the phone numbers provided by Defendant's counsel but, once again, the numbers did not work because counsel had yet to set up an account to accept Plaintiff's collect calls. *Id*. Plaintiff seeks an award of $1,200 for the alleged discovery abuses which he claims necessitated this motion. *Id*.

At issue in both of Plaintiff's motions to compel is the question of whether the "meet and confer" requirement has been satisfied. Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). LCR 37(a)(1) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."

The record shows that on July 20, 2021, Plaintiff sent a letter to Defendant's counsel in which he complained about the responses provided to his first set of discovery requests. Dkt. 20,

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 5

Ex. B.  Plaintiff also requested therein a "face to face meet and confer immediately here at the prison" to discuss the discovery issues.  *Id*.  Defendant's counsel received the letter on July 26, 2021, and sent Plaintiff a response the following day.  *See* Dkt. 20, Ex. A; Dkt. 28, ¶¶ 2-4.  In his response, counsel advised Plaintiff that they were unable to meet in person because Plaintiff was confined in a correctional facility across the state from where counsel was located.  Dkt. 20, Ex. A at 2.  Counsel further advised Plaintiff that the rules of discovery expressly included a telephone conference as an acceptable means of satisfying the meet and confer requirement, and counsel provided telephone numbers at which they could be reached to discuss outstanding discovery issues.  *Id*.

Plaintiff claims that he attempted to call the phone numbers provided by counsel multiple times but was unable to reach counsel because the phone numbers had not been set up to accept collect calls.  *See* Dkt. 20 at 1; Dkt. 29 at 1; Dkt. 33 at 2.  Defendant's counsel acknowledges that their office phone system will not accept collect calls, but suggests that there are other ways for Plaintiff to reach counsel at the numbers provided, including attempting to make arrangements through the legal liaison at the facility where Plaintiff is confined, or purchasing a calling card which would eliminate the need to make collect calls.  *See* Dkt. 36 at 1-2.  Defendant suggests that Plaintiff's attempts to contact counsel do not demonstrate a good faith attempt to meet and confer given his sole reliance on collect calls.  *See id*. at 2.

Defendant, in conjunction with his response to Plaintiff's second motion to compel, offers further evidence of Plaintiff's lack of good faith in relation to the meet and confer requirement.  According to Defendant's counsel, after they received Plaintiff's second motion to compel, they arranged a phone conference through the legal liaison at Plaintiff's facility.  Dkt.

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 6

37, ¶ 3, Attach. 1.  However, when Plaintiff arrived for the phone conference he was completely unprepared to discuss any discovery matters in this case, claiming that he had brought the wrong file and was confused as to which of his five cases the phone call was about.  *Id*.

The Court is not satisfied at this juncture that Plaintiff made a good faith effort to meet and confer prior to filing either of his motions to compel.  It is also somewhat unclear at this juncture which of the discovery issues identified by Plaintiff in his motions remain in dispute.  As noted above, the Court is granting an extension of the discovery deadline which should allow the parties to resolve any outstanding discovery disputes.  If the parties are unable to resolve those disputes they may return to the Court, assuming full compliance with the requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1).[2]  With respect to Plaintiff's request for the imposition of sanctions based on Defendant's alleged discovery abuses, the Court concludes that such sanctions are not warranted given the lack of evidence of bad faith on the part of Defendant and Plaintiff's own failure to make a good faith effort to meet and confer with Defendant's counsel which may have obviated the need for his motions to compel.

---

[2] The Court observes that one of the ongoing discovery disputes concerns Defendant's failure to sign his interrogatories.  *See* Dkt. 20 at 4; Dkt. 33 at 1.  Plaintiff argues that under Fed. R. Civ. P. 33(b)(5), Defendant was required to sign his answers to Plaintiff's interrogatories.  *See id*.  Defendant argues that under the Federal Rules of Civil Procedure, an attorney who represents a party may sign discovery responses.  *See* Dkt. 20, Ex. A.  Defendant appears to base his argument on the language of Fed. R. Civ. P 26(g)(1) which requires that every discovery response be signed by at least one attorney of record.  Plaintiff, however, is correct that Fed. R. Civ. P. 33(b)(5) expressly requires that a Defendant sign his answers.  The rule also provides that an attorney who objects must sign any objections.  *See* Fed. R. Civ. P. 33(b)(5).  The Advisory Committee Notes to Rule 26 explain that the lawyer's certification requirement under Fed. R. Civ. P. 26(g) is to be distinguished from other signature requirements in the rules, including those in Rule 33.  *See* Rule 26(g) advisory committee's note to 1983 amendment.  While the signature issue may now be resolved in this case, the Court deemed it important to call counsel's attention to the distinction the advisory committee notes draw between the signature requirements of Fed. R. Civ. P. 26(g) and those of Fed. R. Civ. P. 33(b)(5).

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 7

(4)  Plaintiff's motion to strike expert witness testimony and bar expert witnesses (Dkt. 30) is DENIED.  Plaintiff seeks to strike the testimony of Dr. George Petzinger and Dr. Rogelio Zaragoza as set forth in their respective declarations submitted in support of Defendant's response to Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment.  *See id.*; Dkts. 23, 24.  Plaintiff also seeks to bar these individuals as expert witnesses based upon Defendant's alleged failure to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(A).  *Id*.  Defendant argues in his response to Plaintiff's motion that Plaintiff misunderstands the rule he cites and ignores the timing provisions of Fed. R. Civ. P. 26(a)(2)(D).  Defendant is correct.

Rule 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Civil Procedure 702, 703, or 705."  Rule 26(a)(2)(D) provides that a party must make the disclosures required by Rule 26(a)(2)(A) "at the times and in the sequence that the court orders."  The rule further provides that absent a court order, such disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial."  Fed. R. Civ. P. 26(a)(2)(D)(i).  Defendant is not seeking to use the challenged testimony at trial.  Moreover, at this juncture, the Court has issued no orders pertaining to the timing of expert witness disclosures, nor has any trial date been set.  The rule cited by Plaintiff does not, on its face, apply to the circumstances presented here and Defendant therefore cannot be deemed to have violated the rule.  Accordingly, the declarations of Dr. Petzinger and Dr. Zaragoza (Dkts. 23, 24) will not be stricken.

(5)  The discovery deadline in this matter is EXTENDED to **October 15, 2021**, and the parties' cross-motions for summary judgment (Dkts. 14, 22) are RE-NOTED on the Court's

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 8

calendar for consideration on **November 5, 2021**.  The parties may, if they deem it necessary and appropriate to do so, supplement their responses to the pending dispositive motions not later than **November 1, 2021**.  Any subsequent reply briefs must be filed by the date on which the motions are noted for consideration.

   (6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable Robert J. Bryan.

   DATED this 13th day of September, 2021.

               S. KATE VAUGHAN
               United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 9